UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| $198,967 IN UNITED STATES CURRENCY | ) ) ) | |
| Defendant, *In Rem*. | | |

**VERIFIED COMPLAINT FOR FORFEITURE, *IN REM***

NOW COMES, before this honorable Court, Plaintiff, United States of America, by its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp."), and alleges as follows:

**Nature of the Action**

1. This is a civil action brought to forfeit property seized by the United States government for violations of federal law that provide for the seizure, forfeiture, and disposal of certain property to the United States.

2. This action is an *in rem* legal proceeding against property, not against an individual, to determine rights in the property that are conclusive against the entire world.

3. This civil action *in rem* is brought to forfeit property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(A), because it constitutes or was derived from proceeds traceable to violations of 18 U.S.C. § 1960 Prohibition of Unlicensed Money Transmitting Business.

4. Based upon the facts and circumstances herein set forth, Plaintiff prays: (1) that process

issue for an arrest warrant *in rem* for the subject property; (2) that notice be given to all parties to appear and show cause why forfeiture should not be decreed; (3) that this Court enter a judgment of forfeiture to the United States; and (4) that this Court grant Plaintiff all other relief as it may deem just and proper, together with the costs and disbursements of this action.

5. This complaint is verified by the attached Verification of Homeland Security Investigations ("HSI") Special Agent Wilfredo Herrera ("SA Herrera"), which is fully incorporated herein.

## The Defendant *In Rem*

6. The Defendant *in rem* consists of the following property:

- $198,967.00 (one hundred ninety-eight thousand, nine hundred and sixty-seven dollars)

in United States currency (hereinafter, the "subject property") which is the combined amount of two separate seizures in Rockford, Illinois.

7. On July 23, 2021, HSI observed Sarojben Patel arrived at a Walgreens Drug Store ("Walgreens") in Rockford, Illinois and retrieve a package containing sham currency that HSI had previously interdicted. HSI observed Patel retrieve the sham package and return to a grey vehicle driven by her boyfriend and leave the Walgreens. The Winnebago County Sheriff's Office conducted a traffic stop of Patel and her boyfriend. Patel and her boyfriend were subsequently arrested. HSI recovered a total of $40,012.00 in United States currency ($30,000 from a package inside the vehicle and $10,430 and $12 from Patel's purse).

8. Thereafter on July 23, 2021, Patel signed a consent form to allow HSI officer to search the hotel room where she was staying. During that search HSI agents found $158,525.00 in United States currency wrapped in tin foil inside a suitcase filled with clothing.

9. The total amount of United States Currency seized on July 23, 2021, by HSI was $198,967.00.

10. HSI transported the currency to a government-contracted facility where it was counted and deposited into a U.S. Treasury account.

## Jurisdictional Statement

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 because this action is commenced by the United States of America, and pursuant to 28 U.S.C. § 1355(a) because this is an action for forfeiture.

12. This Court has *in rem* jurisdiction over the subject property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(a) (via 28 U.S.C. § 1355(b)(1)(B)) because the subject property is located in this district.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 (via 28 U.S.C. § 1355(b)(1)(B)) because the subject property is located in this district.

## Basis for Forfeiture

14. The subject property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it was "property" involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 (Prohibition of Unlicensed Money Transmitting Business), and pursuant to 18 U.S.C. § 981(a)(1)(E) because it was property obtained directly or indirectly in violation of 18 U.S.C. § 1341 (Mail Fraud) committed for the purpose of executing or attempting to execute any scheme to defraud, or obtaining money by means of false and fraudulent statements, pretenses, representations, and promises.

## Summary of Facts

15. In or about May 2021, HSI Chicago Financial Investigations Group initiated an

investigation into an extortion scheme. The investigation was predicated upon information received from HSI New York, which alleged several individuals were the victim of a financial scam beginning in April 2021. The victims were contacted by unknown persons impersonating employees of various federal agencies. The victims were then persuaded to send several packages of bulk United States Currency to various individuals they believed to be employees of the federal government. In reality, the victims sent funds to a criminal organization who were impersonating employees from various federal agencies within the United States Government. One of these victims, Victim 1, assisted HSI Houston allowing them to replace the real currency with sham currency and track the package. Victim 1 sent this package via FedEx in the same manner, and pursuant to the same instructions, as all prior packages that Victim 1 had unknowingly sent to the criminal organization. On July 22, 2021, this package was sent to a "Melissa B. Rose", at a Walgreens located at 1602 Kishwaukee Street, Rockford, Illinois.

16. On July 23, 2021, HSI Chicago agents observed Patel arrive at the aforementioned Walgreens in a grey vehicle driven by a man later identified as her boyfriend. Agents observed Patel enter the Walgreens and pick up the package that Victim 1 had sent to "Melissa Rose" and then return to the vehicle.

17. Shortly thereafter, a traffic stop was conducted of the vehicle and Patel and her boyfriend were arrested. HSI recovered two packages from the vehicle. One of the packages was Victim 1's package containing the sham currency sent by HSI Houston to Melissa B. Rose. The second package contained $30,000 from a different victim, Victim 2, with the initials V.T. sent to an alias of Claudia Cardona. HSI's investigation revealed that Victim 2 had sent an unknown amount of U.S. currency in package to a "Claudia Cardona" which was part of the same fraudulent scheme referenced above. HSI Agents recovered an additional $10,430 in U.S. currency and numerous

fake identifications from Patel's purse containing her photo, but various alias names. In Patel's purse was a fake identification with the name Melissa B. Rose, the same name that the victim from Houston was instructed to use as the recipient of the package sent to the Walgreens in Rockford. The total amount seized from the traffic stop was $40,442 in U.S. currency.

18. Patel consented to a search of her hotel room where HSI agents seized an additional $158,525 in U.S. currency wrapped in tin foil located inside a suitcase.

19. Patel consented to speak with HSI agents on three separate occasions on July 23, 2021, and July 25, 2021, in person and on July 28, 2021, telephonically. Patel signed a consent form for the first interview and an interpreter was utilized as well. During her first interview Patel informed agents that she had arrived in Rockford, Illinois from Wisconsin five days prior to being arrested. Patel admitted that at the instruction of her "boss," she picked up packages containing U.S. currency at various locations. She also admitted to using fake identification cards to retrieve these packages. Several identification cards were located during a search of her car and a consensual search of her hotel room also containing her photograph and various aliases. Patel also admitted to HSI that she would open the packages containing cash and record herself counting the money and send the videos to her "boss" to prove she had retrieved the money. After the video was received by her "boss" she would meet a "clearer." Patel explained to HSI agents that a clearer was a person who cleared the currency. Patel stated her boss would instruct her to meet a clearer and notify Patel of a serial number from a one-dollar bill that the clearer would have in his or her possession. Patel would then meet the clearer and ensure that the clearer possessed a dollar bill with the corresponding serial number. Once Patel verified the serial number with the clearer she would turn over the currency to the clearer. Patel admitted to HSI that in exchange for her services she was compensated one percent of the cash she retrieved from her boss.

20. During the second interview Patel also admitted to making two cash pickups at a Walgreens in Neenah, Wisconsin and to meeting a clearer in Neenah Wisconsin. She admitted to picking up two boxes containing a combined total of $24,000. HSI identified Victim 3 to have sent a package to Neenah Wisconsin. More specifically, a fake identification card located from the search of Patel's vehicle also matched the named recipient of a package containing $105,000 in U.S. currency also sent to Neenah Wisconsin by Victim 3 of the fraud. Patel also admitted to picking up a box containing an unknown amount of U.S. currency in Atlanta, Georgia and stated she again used one of the fake identifications recovered by the HSI Chicago agents to retrieve that package.

## Prayer for Relief

WHEREFORE, based upon the aforementioned facts and circumstances, Plaintiff, United States of America, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. Supp. G(3)(b), respectfully, prays:

1) That process issue for an arrest warrant *in rem* for the subject property, which Plaintiff will execute in accordance with 28 U.S.C. § 1355(d) and Fed. R. Civ. P. Supp. G(3)(c);

2) That due notice be given to all parties to appear and show cause why forfeiture of the subject property to the United States in accordance with the claims herein set forth should not be decreed;

3) That this Court enter a judgment of forfeiture for the subject property to the United States; and

4) That this Court grant Plaintiff all other relief as it may deem just and proper, together with the costs and disbursements of this action.

DATED March 19, 2024

                                              Respectfully submitted,

                                              MORRIS PASQUAL
                                              Acting United States Attorney

By:   s/ Cassandra L. Quaglia
       CASSANDRA L. QUAGLIA
       Assistant United States Attorney
       327 South Church Street, Suite 3300
       Rockford, Illinois 61101
       (815) 987-4444
       cassandra.quaglia@usdoj.gov

## VERIFICATION

I, Wilfredo Herrera, declare under penalty of perjury the following:

1. I am a Special Agent with the Homeland Security Investigations (HSI). I have been a Special Agent with HSI since 2018.

2. My primary duties and responsibilities as a Special Agent consist of investigating the criminal activity of money laundering, narcotics trafficking offenses, and fraud including but not limited to, offenses defined by 18 United States Code §§ 1341, 1343, and 1960.

3. I have read the foregoing complaint in this matter and the facts alleged are true and correct to the best of my knowledge and belief.

4. This statement is based upon my own personal knowledge as well as information I have received from other agents, persons, and documents; it does not include each and every fact known to me concerning this investigation, but is submitted for the limited purpose of establishing a basis to believe the property identified is subject to forfeiture.

Executed on this, the 19th of March, 2024, in Lombard, Illinois.

_____
WILFREDO HERRERA
Special Agent
Homeland Security Investigations